**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**
*Southern Division*

|  |  |
|---|---|
| **ELHAB, LLC,** | \* |
| Plaintiff, | \* |
| v. | Case No.: PWG 20-cv-2533 |
| **ADDISU MENGESHA,** | \* |
| Defendant. | \* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM AND ORDER**

On September 1, 2020, Plaintiff, Elhab, LLC, filed suit against Defendants Nile Developers, LLC and Addisu Mengesha for failure to pay notes that had fully matured, and seeking judgment for the amount due together with interest. Compl., ECF No. 1. Defendants were served with a copy of the Summons and Complaint on September 11 and 15, 2020. *See* ECF Nos. 9, 10. Defendants neither entered an appearance nor filed a response in the time allotted to do so.

On March 31, 2021, Plaintiff moved for Clerk's Entry of Default for want of answer or other defense, ECF No. 11, which was entered on April 20, 2021, ECF No. 12. Both Defendants were issued notice of the default. ECF Nos. 13, 14. On June 22, 2021, Plaintiff voluntarily dismissed Nile Developers, LLC, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i).[1] ECF No. 15. Therefore, I consider Plaintiff's motion only as against the remaining Defendant, Addisu Mengesha.

---

[1] Under Rule 41(a)(1)(A)(i), a plaintiff may dismiss an action without a court order by filing a notice of dismissal before the opposing party serves an answer or other response.

I have reviewed Plaintiff Elhab, LLC's Motion for Default Judgment, ECF No. 8, the exhibits provided, and the record in this case. A hearing is not necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the following reasons, Plaintiff's motion shall be GRANTED in part and DENIED in part.

First, I find that Mr. Mengesha was properly served, *see* ECF No. 9, yet failed to plead or otherwise defend. Elhab moved for entry of default, ECF No. 11, to which the Clerk of Court ordered default, ECF No. 12. Mr. Mengesha was notified of the order of default, and he was advised that if he did not take any action within 30 days to vacate the order of default, the Court would act on the pending motion for entry of default judgment, but Mr. Mengesha did not respond. *See* Not. Default, ECF No. 12 (issued April 20, 2021).

Under Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Default judgment, however, is not automatic, and is left to the discretion of the court. *Choice Hotels Int'l., Inc. v. Jai Shree Navdurga, LLC*, Civil Action No. DKC 11-2893, 2012 WL 5995248, at *1 (D. Md. 2012). Although the Fourth Circuit has a "strong policy" that "cases be decided on their merits," *Dow v. Jones*, 232 F. Supp. 2d 491, 494 (D. Md. 2002) (citing *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)), default judgment may be appropriate where a party is unresponsive, *see S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)).

In determining whether to grant a motion for default judgment, the Court takes as true the well-pleaded factual allegations in the complaint, other than those pertaining to damages. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). If the Court finds that "liability is

established, [it] must then determine the appropriate amount of damages." *Agora Fin., LLC v. Samler*, 725 F. Supp. 2d 491, 494 (citing *Ryan*, 253 F.3d at 780–81). In order to do so, "the court may conduct an evidentiary hearing, or may dispense with a hearing if there is an adequate evidentiary basis in the record from which to calculate an award." *Mata v. G.O. Contractors Grp.*, No. TDC-14-3287, 2015 WL 6674650, at *3 (D. Md. Oct. 29, 2015); *see also* Fed. R. Civ. P. 55(b).

In its motion, Plaintiff asks for a default judgment in the amount of $550,000, including prejudgment and post judgment interest at the rate of 7% from July 11, 2019. Mot. 1-2; Stmt., ECF No. 8-2. Although Elhab refers to its entitlement to attorney's fees, it has made no specific claim for costs and fees.

Default judgment is sought with respect to monies due to Plaintiff resulting from a property development project initially entered into by Nile Developers and third-party, Agar LLC, on February 28, 2018. *See* Compl. ¶ 7; Ex. 1, ECF No. 1-4. Under the Partnership Master Agreement, Nile Developers and Agar agreed to jointly invest in acquiring, building, and selling a property, at a capped total cost of $1,330,350 over six months. Ex. 1. Nile Developers was responsible for any additional project expenses, Agar contributed $250,000, and the proceeds on completion included a guaranteed return to Agar of $250,000 plus 20% of the profits. *Id.* On the same date, Nile Developers and Mr. Mengesha executed a Note payable to Elhab in the amount of $250,000. Note I, Ex. 2, ECF No. 1-5. Under Note I, Defendants promised to pay Elhab $250,000 plus 20% of the profit from the sale of a property upon completion of the construction phase of the project set out in the Partnership Master Agreement. *Id.* It also provided that if the principal amount plus the 20% profit was not paid in full by the maturity date of August 23, 2018, the unpaid principal would be subject to interest at 7.0% per annum. *Id.* Nile Developers and Mr. Mengesha then

executed a Guaranty Agreement in favor of Elhab related to their obligations under Note I. Ex. 3, ECF No. 1-6. On November 19, 2018, Nile Developers executed a second Note payable to Elhab for $250,000 to mature under the terms of the Partnership Master Agreement. Note II, Ex. 4, ECF No. 1-7. Note II included terms indicating that default would occur on the filing of a petition for bankruptcy, which would make the principal amount immediately due and payable. *Id.* ¶ 2. Both notes included terms that allowed for reasonable attorney's fees and costs for collection. *See* Note I ¶ 6; Note II ¶¶ 2-3.

On January 15, 2019, Nile Developers, Agar, and Elhab entered into an Addendum to the Partnership Master Agreement. Ex. 5, ECF No. 1-8. Under the Addendum, Agar assigned its rights to Elhab and was removed as a party to the agreement, and Elhab was added as a party. *Id.* Nile Developers and Elhab also agreed to adjust the initial investment under the agreement to $300,000 to reflect an additional provision of $50,000 from Elhab to Nile Developers, and Nile Developers guaranteed a minimum return of $250,000 or 25% of profits from the sale of the property. *Id.* The parties also agreed that the entire $300,000 with interest would become immediately due and payable prior to the due date in the event of Nile Developers' insolvency or petition for bankruptcy, or its failure to manage the construction project. *Id.* Nile Developers, Mr. Mengesha, and Elhab also entered into an Addendum to the Guaranty Agreement, increasing the amount guaranteed to $300,000. Ex. 6, ECF No. 1-9. And Nile Developers, Agar, and Elhab entered into an Addendum to Note I, revising the maturity date to July 31, 2019, adding the bankruptcy provision, and increasing the principal balance to $300,000. Ex. 7, ECF No. 1-10. To serve as collateral, Nile Developers executed and delivered a Deed of Trust for certain properties it owned. Ex. 8, ECF No. 1-11.

In May 2019, Nile Developers filed for a voluntary Chapter 11 bankruptcy, which was dismissed for failure to comply with Local Bankruptcy Rule 1002-1. Ex. 9, ECF No. 1-12, Ex. 10, ECF No. 1-13. Nile Developers filed a second voluntary petition for bankruptcy on July 11, 2019. Ex. 11, ECF No. 1-14. Elhab now seeks judgment for the amounts due under the Notes with interest from July 11, 2019. Mot. 1-2; Aff., ECF No. 8-1. Elhab avers that no payments have been made, and all amounts owing under the Complaint's referenced documents remain unpaid. Aff. ¶ 14.

By its Complaint with supporting exhibits and its Affidavit in Support of Motion for Default Judgment, Elhab has established liability. Under Note I, Defendants owe Elhab $300,000 plus simple interest at 7% per annum, which became payable on Nile Developers' filing for bankruptcy on July 11, 2019. Note II is tied to the Partnership Master Agreement, which guaranteed a return of $250,000, due on the earlier of the sale of the property or 8 months from the date of the agreement, February 17, 2018 (i.e., October 17, 2018). Note II; Ex. 1. Any amount unpaid by the due date was subject to interest "at a rate equivalent to the maximum rate of interest permitted by laws." *Id.* By the January 15, 2019 addendum, Elhab became the holder of the agreement, and the guarantee was modified to $250,000 or 25% of profits from the sale of the property. Ex 5. Therefore, under Note II, Defendants owe Elhab $250,000 plus simple interest at 6.0% per annum,[2] which is calculated from the date of the Complaint, September 1, 2020. *See* Compl. ¶ 29 (seeking interest at the judgment rate from the date of the Complaint); Fed. R. Civ. P. 54 (d) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings.").

---

[2] In Maryland, the legal rate of interest is six percent per annum. *Mitchell v. Kentmorr Harbour Marina*, No. WMN–10–0337, 2011 WL 5826674, at *5 (D. Md. Nov.17, 2011) (citing Md. Const. art. III, § 57).

Finally, an award of post-judgment interest need not be specifically granted because a plaintiff is entitled to recover such interest by operation of law. *See* 28 U.S.C. § 1961(a) ("Interest shall be allowed on any money judgment in a civil case recovered in a district court.").

Therefore, Plaintiff's motion for default judgment will be granted in part and denied in part. The principal amounts of $300,000 and $250,000 shall be awarded, but the interest award is modified as discussed above. There is no award for costs and fees because such an award has not been requested and supported with documentation.

## ORDER

For the foregoing reasons, it is, this 14th day of September 2021, ORDERED:

1. Plaintiff's Motion for Default Judgment, ECF No. 8, is GRANTED in part and DENIED in part.

2. Pursuant to Federal Rule of Civil Procedure 58, Judgment by default is hereby entered in favor of Plaintiff Elhab, LLC and against Defendant Addisu Mengesha as follows:

    a. Plaintiff is awarded $300,000 in principal with prejudgment interest at a rate of 7.0% per annum calculated from July 11, 2019; and

    b. Plaintiff is awarded $250,000 in principal with prejudgment interest at a rate of 6.0% per annum calculated from September 1, 2020.

3. The Clerk of the Court shall send copies of this Order to the parties and CLOSE this case.

_____/S/_____
Paul W. Grimm
United States District Judge
